**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  CALVIN ROUSE, AND | ) | |
| (2)  JOSLYN SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| (1) FOREMOST INSURANCE COMPANY | ) | |
| GRAND RAPIDS MICHIGAN, AND | ) | |
| (2)  FARMERS INSURANCE COMPANY | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN
AND FARMERS INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL**

COME NOW Defendants, Foremost Insurance Company Grand Rapids Michigan ("Foremost") and Farmers Insurance Company, Inc. ("FICO"), pursuant to 28 U.S.C. §§ 1441 and 1446, and file this notice of removal of the above-titled action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

**INTRODUCTION**

1.      Upon information and belief, Plaintiffs Calvin Rouse and Joslyn Smith are individuals who reside in the City of Tulsa, State of Oklahoma, and are citizens of the State of Oklahoma.

2.      Defendant Foremost Insurance Company Grand Rapids Michigan is a corporation organized under the laws of the State of Michigan and having its principal place of business in the State of Michigan, and is therefore a citizen of the State of Michigan.

3.      Defendant Farmers Insurance Company, Inc. is a corporation organized under the laws of the State of Kansas and having its principal place of business in the State of Kansas, and is therefore a citizen of the State of Kansas.

4.      Foremost Insurance Company Grand Rapids Michigan issued Homeowners Policy numbered 381-0090083641-04 to Calvin Rouse, as named insured, for the policy period of October 18, 2016 through October 18, 2017, a true and correct copy of which insurance contract is attached hereto as Exhibit 1, which included dwelling insurance coverage with a limit of $111,462.00, personal property insurance coverage with a limit of $55,731.00, and deductible of $1,000.00.

5.      On November 26, 2016, a fire occurred at Plaintiffs' property and, to recover the alleged damage caused thereby, on November 27, 2016, Plaintiffs made a claim under the Foremost insurance policy.

6.      On December 2, 2016, Foremost issued to Plaintiff Rouse a payment under the policy's dwelling insurance coverage in the amount of $72,267.77, based on an estimate that identified $112,844.17 as the replacement cost value to repair the dwelling and $73,267.77 as the actual cost value to repair the dwelling.  *See* letter and estimate, dated December 2, 2016, a true and correct copy of which is attached hereto as Exhibit "2." *See also* [Exh. 1 at p. 4].

7.      On December 13, 2016, Foremost issued to Plaintiff Rouse a payment under the policy's personal property insurance coverage in the amount of $38,748.18, which had been preceded by advance payments totaling $2,500.00. *See* letter and estimate, dated December 13, 2016, a true and correct copy of which is attached hereto as Exhibit "3."

8.      On July 10, 2017, Plaintiffs demanded that Foremost review the payments issued under the insurance policy's dwelling coverage and personal property coverage.  *See* letter, dated July 10, 2017, a true and correct copy of which is attached hereto as Exhibit "4."

9.      On July 19, 2017, Plaintiffs sought $2,786.55 in additional debris removal coverage under the Foremost insurance policy.  *See* letter, dated July 19, 2017, a true and correct copy of which is attached hereto as Exhibit "5."

10.     On July 20, 2017, Plaintiffs demanded that Foremost tender the full limits of coverage under the policy for personal property.  *See* letter, dated July 20, 2017, a true and correct copy of which is attached hereto as Exhibit "6."

11.     On August 28, 2017, Plaintiffs commenced this lawsuit by filing a Petition against Defendants Foremost and FICO in Tulsa County District Court requesting that the Court "enter judgment against each Defendant separately for a sum less than $75,000.00 for actual damages, exclusive of costs and interest, pre-judgment interest at the maximum statutory rate allowed, post-judgment interest at the maximum statutory rate allowed, punitive damages, attorney fees, costs, and any and all other just and equitable relief this Honorable Court deems proper."  *See* Petition in Tulsa County Case No. CJ-2017-03412, a true and correct copy of which is attached hereto as Exhibit "7."

12.     On September 6, 2017, Plaintiffs' Petition was served upon Defendants Foremost and FICO through the Oklahoma Insurance Department.  *See* Summons to Foremost, a true and correct copy of which is attached hereto as Exhibit "8" and Summons to FICO, a true and correct copy of which is attached hereto as Exhibit "9."

## ARGUMENTS AND AUTHORITIES

Pursuant to title 28, section 1332 of the United States Code, a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "'subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *SFF-TIR, LLC v. Stephenson,* 2017 WL 1487439, at *71 (N.D. Okla. Apr. 25, 2017) (quoting *Thompson v. Intel Corp.,* 2012 WL 3860748, at *12 (D.N.M. Aug. 27, 2012)). Both are present here.

## I.      COMPLETE DIVERSITY EXISTS AMONG THE PARTIES.

Plaintiff, Foremost, and FICO are completely diverse and, therefore, section 1332's diversity requirement is satisfied. At the time of filing, upon information and belief, Plaintiffs were residents and citizens of the State of Oklahoma. *See* [Exh. 7; Exh. 1 at p. 4]. Defendant Foremost Insurance Company Grand Rapids Michigan is a corporation organized under the laws of the State of Michigan and having its principal place of business in the State of Michigan, and is therefore a citizen of the State of Michigan. *See* 28 U.S.C. § 1332(c)(1). Defendant Farmers Insurance Company, Inc. is a corporation organized under the laws of the State of Kansas and having its principal place of business in the State of Kansas, and is therefore a citizen of the State of Kansas. *Id.* Thus, the parties herein are completely diverse.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS.

Satisfaction of the amount in controversy requirement need only be established by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). A removing defendant need not rely solely on the allegations of plaintiff's

petition, and "[a] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008). To bind a defendant seeking removal to the allegations of a plaintiff's petition "would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.* Thus, a removing defendant may look beyond the petition to other documentation to establish the jurisdictional amount, including offers of settlement. *Id. See also Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988 (N.D. Okla. 2014).

In correspondence dated July 20, 2017, Plaintiffs, through counsel, demanded the remainder of the Foremost insurance policy's $55,731.00 personal property coverage limit. *See* [Exh. 6]. Foremost previously tendered to Plaintiffs payments totaling $41,248.18 under the insurance policy's personal property coverage. *See* [Exh. 3]. Thus, the July 20 correspondence amounted to a demand of $14,302.82.

Additionally, in the July 10, 2017 correspondence, Plaintiffs demanded that Foremost review its payments under the insurance policy's dwelling coverage. *See* [Exh. 4]. Based on Foremost's December 2 payment of $72,267.77, the policy's dwelling coverage limit of $111,462.00 and deductible of $1,000.00, a total of $38,194.23 in dwelling coverage remains in dispute. *Compare* Exh. 1 at p. 4 with Exh. 2. *See also* [Exh. 7 at ¶ 3 (asserting that Plaintiffs have made a claim for dwelling and personal contents coverage, and Defendants have wrongfully breached the insurance contract)]. Further, Plaintiffs have sought $2,786.55 in debris removal coverage. *See* [Exh. 5]. Thus, Plaintiffs pre-suit demands prove that $55,283.60 of *contractual* damages remain in dispute.

In addition to breach of contract damages, Plaintiffs' Petition assets the tort of breach of the duty of good faith and fair dealing for which Plaintiffs seek damages for "mental and

emotional distress, anxiety and embarrassment, and financial hardship." *See* [Exh. 7 at ¶ 6]. It is conceivable that a jury would award damages in excess of $20,000.00 (the amount needed to exceed the jurisdictional requirement) for such damages, particularly in light of the more than $55,000.00 of contractual damages sought. *See SFF-TIR, LLC v. Stephenson,* 2017 WL 1487439, at *73 (N.D. Okla. Apr. 25, 2017) ("Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated.").

Further still, Plaintiffs seek punitive damages. The United States Court of Appeals for the Tenth Circuit has held that "[p]unitive damages may be considered in determining the requisite jurisdictional amount." *Woods of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). For a bad faith tort, the Oklahoma punitive damages statute permits recovery, at the very least, of an amount not to exceed the greater of one hundred thousand dollars ($100,000.00), or the amount of actual damages awarded. 23 OKLA. STAT. § 9.1(B)(2).

In a 2014 opinion, based on plaintiff's demand for punitive damages, Northern District of Oklahoma Judge Gregory Frizzell concluded that removal was proper, although no contractual damages could be recovered and plaintiff's demand for actual damages for the bad faith tort was only an amount in excess of $10,000.00. *See Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988 (N.D. Okla. 2014). In that case, Judge Frizzell reasoned that:

> Where Singleton asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold. This would require no more than a single-digit ratio of punitive damages to actual damages, even after Progressive deflated the denominator with a $100,000 payment just prior to the initiation of this action. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," though even greater ratios may still comport with due process where "a particularly egregious act has resulted in only a small amount of economic damages"). Singleton's petition, meanwhile, alleges that Progressive failed to properly investigate her claims, delayed payments or withheld them altogether, and used its

> unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. [Dkt. # 2–2, p. 5]. These allegations supply the required underlying facts supporting Progressive's assertion that the value of Singleton's claim for punitive damages exceeds the amount required to surpass the jurisdictional threshold.

*Id.* at 993. *See also Kier v. Lowery*, 2017 WL 1015319 (N.D. Okla. Mar. 15, 2017) (finding award of $55,000 for two punitive damages claims was both "permissible and conceivable" and therefore jurisdictional amount was satisfied with regard to actual damages claim of less than $20,000.00).

Here, pre-suit demands demonstrate that Plaintiffs seek contractual damages in a sum of approximately $55,000.00.  Although Plaintiffs have not explicitly set forth the amount claimed for bad faith damages, Plaintiffs' Petition seeks actual damages "for a sum less than $75,000.00," and, like in the *Singleton* case, alleges that Defendants have failed to properly investigate their claim, refused to pay, and used their unequal wealth and bargaining position to the disadvantage of Plaintiffs.  *See* [Exh. 7].  Thus, it is reasonable to conclude that Plaintiffs seek actual damages for breach of the duty of good faith and fair dealing in an amount up to $20,000, and, applying a single-digit ratio punitive damages to actual damage, the jurisdictional requirement of $75,000 is satisfied in this case.

Based on Plaintiffs' pre-suit settlement demands totaling approximately $55,000.00, and the inclusion of a request for punitive damages in Plaintiffs' Petition, it is clear that an amount in excess of $75,000.00 is at issue in this matter.  Thus, section 1332's amount in controversy requirement is satisfied.

## III.  REMOVAL IN THIS CASE IS TIMELY AND APPROPRIATE.

For the reasons set forth herein, this Court has jurisdiction over this action because of the complete diversity of citizenship of the parties hereto, and the sufficiency of the amount in

controversy, pursuant to 28 U.S.C. § 1332 (a)(1).  Further, this Notice of Removal is timely filed, as no more thirty (30) days have passed since Defendants were served with Summons.  *See* [Exhs. 8 and 9].  *See also* 28 U.S.C. § 1446(b)(1).

In accordance with 28 U.S.C. § 1446(a), and LCvR 81.2, copies of all documents filed or served upon Defendants Foremost and FICO in this case to date, along with a copy of the state district court Docket Sheet, are submitted with this Notice of Removal.  *See* [Exh. 7, Petition; Exh. 8, Summons to Foremost; Exh.9, Summons to FICO; Docket Sheet, a true and correct copy of which is attached hereto as Exhibit "10"; and Defendants' Special Entry of Appearance, a true and correct copy of which is attached hereto as Exhibit "11"].

WHEREFORE, PREMISES CONSIDERED, Defendants Foremost Insurance Company Grand Rapids Michigan and Farmers Insurance Company, Inc. pray that this Notice of Removal be accepted by the Court, and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

Respectfully submitted,

s/Mariann M. Robison
Phil R. Richards, OBA #10457
Mariann M. Robison, OBA #30475
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email:  prichards@richardsconnor.com
          mrobison@richardsconnor.com

ATTORNEYS FOR DEFENDANTS
FOREMOST INSURANCE COMPANY GRAND
RAPIDS MICHIGAN AND FARMERS
INSURANCE COMPANY, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of October, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Steven V. Buckman, Esq.
Buckman Law Firm
10108 East 79th Street
Tulsa, OK 74133

*s/ Mariann M. Robison*_____
Mariann M. Robison