*1037894169*

1000.0057

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

CJ 2017-03412

| | | |
|---|---|---|
| **CALVIN ROUSE AND JOSLYN SMITH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | MARY F. FITZGERALD |
| **v.** | ) | **Case No:** DISTRICT COURT |
| | ) | **F I L E D** |
| **FOREMOST INSURANCE COMPANY** | ) | AUG 2 8 2017 |
| **GRAND RAPIDS MICHIGAN, AND** | ) | |
| **FARMERS INSURANCE COMPANY, INC.,** | ) | DON NEWBERRY, Court Clerk |
| | ) | STATE OF OKLA. TULSA COUNTY |
| **Defendants.** | ) | **Attorney Lien Claimed** |

## PETITION

**COME NOW** Plaintiffs, Calvin Rouse and Joslyn Smith, and for their causes of action

against the Defendants, Foremost Insurance Company Grand Rapids Michigan and Farmers

Insurance Company, Inc., allege and state:

1.      Defendants sold Plaintiffs, Calvin Rouse and Joslyn Smith, a policy of insurance

providing them with various coverages including, but not limited to, insurance on a dwelling and

personal contents.

2.      Plaintiffs, Calvin Rouse and Joslyn Smith, suffered property damage to the dwelling

and personal contents as a result of a fire for which they submitted claims to Defendants for

payment.  Defendants have wrongfully breached the contract and failed to pay the full amounts

actually due and owing.

3.      Plaintiffs, Calvin Rouse and Joslyn Smith, have relied upon Defendants, to properly

handle the claim(s) and make payment of the various coverages afforded under the insurance policy.

Plaintiffs, Calvin Rouse and Joslyn Smith, have made due demand on the Defendants for payment

of the policy benefits and otherwise met all of the conditions for payment under the insurance policy.

EXHIBIT
7

4. Defendants have unreasonably failed and refused to pay all of the insurance policy benefits which are due.

5. In the adjustment of Plaintiffs' claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendants breached the duty to deal fairly and in good faith towards Plaintiffs and others in numerous respects, including the following:

a. By failing to pay the insurance benefits that Plaintiffs were entitled to receive under the insurance policy at critical times when Defendants knew Plaintiffs were entitled to said benefits;

b. Withholding payment of benefits while knowing Plaintiffs' claims for said benefits were valid;

c. By unreasonably delaying payment of certain benefits and denying Plaintiffs' claims for other benefits without a reasonable basis;

d. By refusing to pay Plaintiffs' claims for reasons contrary to the express provisions of the law;

e. By intentionally and recklessly misapplying and misusing provisions of the insurance policy;

f. By using the unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiffs and to effect an economic gain for the Defendants by not paying amounts that it owed under the insurance contract;

g. By failing to properly investigate the Plaintiffs' claim for benefits;

h. By failing to properly evaluate the investigation that was done on Plaintiffs' claim;

i. By failing to adopt and implement reasonable measures for the prompt investigation

2

and handling of claims arising under its policies including the claim of the Plaintiffs;

j.      By not attempting to, in good faith, effectuate a prompt, fair settlement of the Plaintiffs' claim and by taking advantage of Plaintiffs' unequal and vulnerable position in all negotiations;

k.      By refusing to communicate and provide information regarding the insurance claims reported to Defendants and by failing to properly inform Plaintiffs at regular intervals of their actual rights under the policy; and,

l.      By engaging in unfair delaying and bargaining tactics in an attempt to coerce an unfair settlement of Plaintiffs' claims.

6.      As a direct result of Defendants breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, and financial hardship.

7.      Plaintiffs have retained an attorney to prosecute this action and are entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

8.      The actions of Defendants have been reckless, wanton, intentional, and grossly negligent to the extent that emotional distress has been inflicted upon Plaintiffs, Calvin Rouse and Joslyn Smith, to their detriment, causing damages.

9.      Defendants have acted intentionally, maliciously, and in reckless disregard for the rights of Plaintiffs and they are entitled to recover punitive damages against the Defendants for these actions.

**WHEREFORE**, Plaintiffs, Calvin Rouse and Joslyn Smith, pray for this Honorable Court to enter judgment against each Defendant separately for a sum less than $75,000.00 for actual

damages, exclusive of costs and interest, pre-judgment interest at the maximum statutory rate allowed, post-judgment interest at the maximum statutory rate allowed, punitive damages, attorney fees, costs, and any and all other just and equitable relief this Honorable Court deems proper.

**BUCKMAN LAW FIRM,**
*A Professional Corporation*

By:  Steven V. Buckman

Steven V. Buckman, OBA# 10745
10108 East 79th Street
Tulsa, Oklahoma 74133-4524
Telephone: (918) 940-2222
E-mail: sbuckman@buckmanatty.com
*Attorneys for Plaintiffs, Calvin Rouse and
Joslyn Smith*

4